## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| RICARDO S. UNPINGCO and CECILIA FEJERAN UNPINGCO,<br><br>                    Plaintiffs,<br><br>vs.<br><br>CHARLES K. COOPER, SUNNY COOPER, NEBUCHADNEZZAR NGIRATECHEKII, IBET MADRACHELUIB, DONGBU INSURANCE CO., LTD., and DOES 1-10,<br><br>                    Defendants. | Superior Court Case No. __CV0420-18__<br><br><br>**DECISION AND ORDER**<br>**re**<br>**DEFENDANTS' MOTION FOR**<br>**SUMMARY JUDGMENT** |

The Court here considers Defendants Charles K. Cooper, Sunny Cooper, and Dongbu Insurance Co., Ltd.'s Motion for Summary Judgment. Having considered the motion and relevant case law, and determining that genuine issues of material fact remain, the Court DENIES the Motion.

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff Ricardo S. Unpingco alleges that while attending a barbecue at the Coopers' residence, the Coopers' tenants' dogs attacked him outside of the leased premises. Compl. ¶ 17 (Apr. 30, 2018). Upingco filed claims against Defendants for breach of duty, violation of 10 GCA § 34114 and 10 GCA § 341116(a), and loss of consortium on behalf of Cecilia Unpingco. *See generally* Compl.[1]

---

[1] The Motion for Summary Judgment concerns the claims made against the Coopers and DB Insurance, not Unpingco's claims against Defendants Nebuchadnezzar Ngiratechekii and Ibet Madracheluib . Mot. Summ. J. at 2 (Jan. 19, 2019). Also, default has been entered against Ngiratechekii.

ORIGINAL

Defendants move for summary judgment. They contend that they had no actual knowledge that their tenants' dogs were dangerous or aggressive, or had ever bitten anyone. Mot. Summ. J. at 3. They also maintain that the attack occurred outside of their premises. Plaintiffs, on the other hand, argue that the Coopers maintained the property on which Unpingco was attacked, had awareness of the vicious propensities of both their dogs and their tenants' dogs, and failed to exercise adequate control over their property. Pl.'s Opp'n Mot. at 2, 5, 9 (Feb. 19, 2019).

## II.   UNDISPUTED FACTS

1.    The Coopers own a lot in Mangilao. Aff. Sunny Cooper ¶ 1 (Jan. 18, 2019).

2.    The Coopers reside on the front side of the lot and lease out the rear side. Aff. Sunny Cooper ¶ 2; Pls.' Depo. Excerpts, Ex. 1 at 10:23-25 (Feb. 19, 2019).

3.    A fence divides the two parts of the lot. Pls.' Depo. Excerpts, Ex. 1 at 11:1-5.

4.    On February 9, 2017, Unpingco attended a party at the Coopers' residence. Decl. Ricardo Unpingco ¶ 2 (Feb. 19, 2019).

5.    During the party, Unpingco walked across the street bordering the Coopers' residence to his car parked at a designated parking area. Decl. Ricardo Unpingco ¶ 3.

6.    The Coopers do not own the parking area but had an agreement with their tenants requiring the tenants to maintain the parking area. Pls.' Depo. Excerpts, Exs. 1 at 7:5-9, 2 at 8:5-19, 3 at 31:6-12.

7.    While at his car or on the roadway, Unpingco was attacked by the tenants' dogs. Aff. Sunny Cooper ¶ 4.

8.    Two of the tenants' dogs were a pit bull mix and the Coopers were aware of this. Pls.' Depo. Excerpts, Exs. 1 at 30:17-18, 4 at 8:8-9.


ORIGINAL

9.    The Coopers agree that pit bulls can be aggressive. Pls.' Depo. Excerpts, Exs. 1 at 30:13-16, 2 at 8:1-4.

10.    The Coopers initially allowed the tenants to keep one dog. When the tenants acquired more dogs, Ms. Cooper warned them to get rid of the other dogs. Pls.' Depo. Excerpts, Ex. 4 at 20:8-14, 21:8-15.

## III.    LAW AND DISCUSSION

### A. Standard on Summary Judgment

Guam Rule of Civil Procedure 56(c) provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. . . . Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Iizuka Corp.*, 1997 Guam 10 ¶ 7.

"If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Iizuka Corp.*, 1997 Guam 10 ¶ 8 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)). However, "the Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7 (citing *Anderson*, 477 U.S. at 249).

ORIGINAL

## B. Guam's Law on Pet Owner's Liability for Keeping Animals

Guam law imposes liability on a pet owner whose negligence causes the pet to inflict injury or damage on any person. 10 GCA § 34114. A "pet owner" means "any person or legal entity who harbors, cares for, exercises control over or knowingly permits any pet to remain on premises occupied by that person or legal entity." 10 GCA § 34101(f).

There is an issue of fact concerning whether the Coopers exercised control over the tenants' dogs.[2] Plaintiffs have furnished evidence that the Coopers allowed the tenants to have one dog. Pl.'s Depo. Excerpts, Ex. 4 at 20:4-13, 21:8-14. However, when the tenants began keeping more than one dog, Mrs. Cooper "did warn us or tell us to get rid of the other dogs." *Id.* at 20:13-14, 21:12-14. In dictating whether and how many dogs the tenants could keep, an issue of fact is created as to whether the Coopers "exercised control over" the tenants' animals so as to bring the Coopers under the definition of "pet owner." A trier of fact must decide whether the Coopers in fact exercised such control.[3]

## C. Standard of Liability if the Coopers are Not "Pet Owners"

If landowners do not meet the statutory definition of "pet owners," then common law standards of landlord liability must be analyzed.

---

[2] It does not appear that the Coopers meet the other criteria of "pet owners" by harboring, caring for or "knowingly permit[ting] any pet to remain on premises occupied by that person or legal entity." 10 GCA § 34101(f). There is no evidence that they harbored or cared for the tenants' dogs. Also, the Coopers did not occupy the leased side of the lot. While the Coopers access a shed on the tenants' side, accessing a shed does not create an issue of fact that the Coopers occupy the tenants' portion of the lot.

[3] If the Coopers are pet owners, they face liability if their negligence proximately caused Unpingco's injuries. 10 GCA § 34114. Proximate cause means that the defendant's negligence must be the cause in fact of the injuries. *Fenwick v. Watabe Guam, Inc.*, 2009 Guam 1 ¶ 13. Defendants offer no argument that even if they meet the definition of being "pet owners," their alleged negligence did not proximately cause Unpingco's injury. The Court leaves this issue for the trier of fact.

ORIGINAL

## 1. Knowledge of the Dog's Vicious Propensities

A landowner has a duty to exercise reasonable care in the management of his property. *Nissan Motor Corp. v. Sea Star Group Inc.*, 2002 Guam 5 ¶ 11; *see also* 18 GCA § 90107. This is an affirmative duty to exercise ordinary care to keep the premises in a reasonably safe condition. "And if, by the exercise of reasonable care, he would have discovered the dangerous condition, he is liable." *Salinas v. Martin*, 82 Cal. Rptr. 3d 735, 740 (Cal. Ct. App. 2008).[4]

When determining the liability of a landowner or possessor of land, the Court considers:

> [T]he foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.

*Lujan v. Estate of Rosario*, 2016 Guam 28 ¶ 43 (quoting *Rowland v. Christian*, 443 P. 2d 561, 564 (1968)).

In line with the standards of landlord liability over conditions he would discover in the exercise of reasonable care and the policy of preventing future harm, to be held liable for a tenant's dog's actions, a landlord must have actual knowledge of the dog's vicious propensities. *Uccello v. Laudenslayer*, 118 Cal. Rptr. 741, 748 (Ct. App. 1975). Actual knowledge may be inferred from circumstances showing a landowner "must have known." *Id.* n.4.

Unpingco relies on a neighbor's testimony and his expert in arguing that "it is more likely than not that the Coopers knew or must have known about the dangerous propensities of both their own and the Tenants' dogs prior to the incident with Ricardo Unpingco." Pl.'s Opp'n to Mot. at 5. Defendants complain that Unpingco uses "broadly phrased and conclusory statements

---

[4] Title 18 GCA § 90107 is based on section 1714 of the California Civil Code, so this Court looks to California case law interpreting the standard of care owed by a landowner to its invitees. *See* Cal. Civ. Code § 1714.



and speculation by his expert, Ron Berman, in an effort to raise a genuine issue of fact." Reply at 2 (Mar. 5, 2019). They proceed to list these broad findings: that the dogs barked at passerby, that dogs with pups demonstrate what is known as "maternal aggression," and that the dog was a pit bull mix. Reply at 2.

The Court recognizes that these findings are broad, but Defendants left out many other findings by Mr. Berman. These findings include: the tenants' dog, the pit bull, was vicious based on the expert's own personal evaluation (Decl. Vincent Leon Guerrerro, Ex. 1, "Ron Berman's Expert Report" at 5, (Feb. 19, 2019) ("Expert Report")); the dogs consistently and habitually barked in a deep manner that was more like growling (Expert Report at 7); deep, guttural growling is typical of more aggressive dogs and is related to threatening behavior instead of simply alert behavior (Expert Report at 5); individual dogs that are not typically aggressive will act aggressively in a pack situation when a more aggressive individual is present (Expert Report at 5); it is common knowledge that dogs with pups often demonstrate "maternal aggression" (Expert Report at 8); it is common knowledge that dogs in groups or packs roaming free without supervision or control are dangerous (Expert Report at 8); and that contrary to the Coopers' testimony, the Coopers were likely able to view and hear the tenants' dogs behavior towards passerby and children (Expert Report at 8). The Coopers also admitted to knowing pit bulls are more aggressive than regular dogs. Pls.' Depo. Excerpts, Exs. 1 at 30:16, 2 at 8:3-4. Whether pit bulls actually are more aggressive is not important - it is important to demonstrate that the Coopers believed they were more aggressive than other dogs. These findings and statements are sufficient to establish genuine issues of material fact in that a trier of fact could find that Defendants knew or must have known the tenants' dogs were dangerous to passerby and invitees to their property.



### 2. Location of Injury

Defendants ask that the Court grant summary judgment because the attack occurred off of their premises, including the leased premises. In other jurisdictions, a landowner has no duty to prevent injuries that might occur when a tenant's animal escapes the leased premises and causes an injury away from the property. *Tran v. Bancroft*, 648 So.2d 314, 315 (Fla. D. Ct. App. 1995). However, a defendant who lacks title to property still may be liable for an injury caused by a dangerous condition on that property if the defendant exercises control over such property. *Alcaraz v. Vece*, 929 P.2d 1239, 1244 (Cal. 1997).

The Court cannot grant summary judgment because issues of fact remain regarding control and location. The Coopers maintain that the attack occurred on a public roadway. However, Unpingco attests to standing at the Coopers' designated parking lot when the attack initiated. The Coopers admit that they did not own the parking lot but paid the tenants to maintain the area.

It is disputed where the attack began. Looking at the facts in a light most favorable to Unpingco, however, the incident began on the mowed areas, which the Coopers controlled. Given those facts, a trier of fact could find Defendants liable for reasonably foreseeable injuries occurring at the parking lot.

## IV. <u>CONCLUSION</u>

The Court DENIES Defendants' Motion for Summary Judgment as genuine issues of material fact remain on the issue of pet ownership, the Coopers' actual knowledge, and the location of the incident.

The Court sets a Status Hearing for April 10, 2019, at 9:00 a.m.



SO ORDERED this 26th day of March 2019.

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the
original hereto was placed in the
court box of:

VLG

RM Johnson

Date: 3/26/19   Time: 10:30am

Deputy Clerk, Superior Court of Guam

Appearing attorneys:

Vincent Leon Guerrero for Plaintiffs Ricardo S. Unpingco and Cecilia Fejeran Unpingco

R. Marsil Johnson, Blair Sterling Johnson & Martinez, for Defendants Charles K. Cooper, Sunny
    Cooper, and Dongbu Insurance Co., Ltd.

